UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-23599-CIV-HUCK/BANDSTRA

CYNTHIA BLUE, as mother and natural
guardian of M.S.,

    Plaintiff,

v.

MIAMI-DADE COUNTY
and JEAN DORVIL,

    Defendants.
_____/

**ORDER**

    Plaintiff Cynthia Blue filed an Amended Complaint (D.E. # 18) pursuant to 42 U.S.C § 1983 and state law against Miami-Dade County and Jean Dorvil to recover for injuries suffered by her daughter, M.S. This matter is currently before the Court on Defendant Miami-Dade County's Motion to Dismiss Plaintiff's Amended Complaint (D.E. # 21), specifically Plaintiff Blue's state law claims against Miami-Dade County. This Order supplements the Order entered on March 22, 2011 (D.E. # 32), which dismissed without prejudice the § 1983 claims alleged against Miami-Dade County. In the Order, the Court granted Plaintiff Blue leave to amend her federal claims against the County and reserved ruling on the state law claims until that time. As the time to amend her federal claims has lapsed, the Court dismisses those claims with prejudice. However, because Plaintiff Blue still has pending the related claims against Defendant Jean Dorvil, the Court exercises its supplemental jurisdiction over Plaintiff Blue's state law claims against Miami-Dade County for negligence under a theory of *respondeat superior* (Count VI), negligent supervision (Count VII), and negligent retention (Count VIII). *See* 28 U.S.C. § 1367(a). For the following reasons, the Court dismisses all three counts alleged against Miami-Dade County for failure to state a claim. However, the Court dismisses the counts without prejudice and grants Plaintiff Blue leave to amend those claims against the County.

## FACTS

The facts relevant to Plaintiff Blue's state law claims against Miami-Dade County are virtually identical to those in its earlier Order (D.E. # 32) on Defendants Jean Dorvil and Miami-Dade County's Motions to Dismiss. Thus, the Court adopts its Statement of Facts from that Order.

## ANALYSIS

**A.    Motion to Dismiss Standard**

In reviewing a motion to dismiss, all well-pleaded facts in the plaintiff's complaint and all reasonable inferences drawn from those facts must be taken as true. *Jackson v. Okaloosa Cnty.*, 21 F.3d 1531, 1534 (11th Cir. 1994). A complaint must contain enough "facts to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), and the factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations omitted).

**B.    Count VI: Negligence (*respondeat superior*)**

Plaintiff Blue does not state facts sufficient to sustain a negligence claim against Miami-Dade County under a theory of *respondeat superior*. Florida Statutes § 768.28(9)(a) provides that the state and state subdivisions are immune from tort liability "for the acts or omissions of an officer, employee, or agent" when those acts are "committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." Fla. Stat. 768.28(9)(a). Section 768.28(9) waives the governments's sovereign immunity for "both negligent and 'intentional' torts alike." *Dukes v. Miami-Dade Cnty.*, No. 05-22665-Civ-Huck/Simonton, D.E. # 103 at 4 (S.D. Fla. filed July 5, 2006) (citing *Richardson v. City of Pompano Beach*, 511 So.2d 1121, 1123 (Fla. 4th Dist. Ct. App. 1987)). However, the government cannot be held liable for those intentional torts committed with malicious purpose, bad faith, or with wanton and willful disregard of human rights, safety, and property. *See Sutherland v. Bradshaw*, 09-80872-CIV-COHN, 2010 WL 989226, at *10 (S.D. Fla. Mar. 16, 2010) (determining that under § 768.28(9), the government can be liable for an intentional tort if it is not alleged to have been committed with "bad faith or malicious purpose").

The question of whether an act was committed with malicious purpose, bad faith, or with

2

wanton and willful disregard is not a question that must be submitted to a jury, but rather, can be decided by the Court depending on the facts. *Prieto v. Malgor*, 361 F.3d 1313, 1320 (11th Cir. 2004) (determining that the Florida Supreme Court "explicitly disavowed the proposition that the question of bad faith must always be submitted to the fact finder"). Certain intentional torts "cannot be characterized as anything but acts committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." *Dukes*, No. 05-22665-Civ-Huck/Simonton, D.E. # 103 at 4. In *Dukes*, for example, the Court determined that police officers' conduct during a traffic stop—beating and stomping on a suspect who already had surrendered and lay prone and non-resistant on the ground—could not be characterized as anything other than malicious, committed in bad faith, or wanton and willful. *Id*.

In its Motion to Dismiss, the County argues that Dorvil's alleged actions—intentionally kicking a five-year-old child in the mouth because she used the restroom without his permission—"cannot be characterized as anything other than [an act] he 'committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.'" *Id*. Thus, the County contends that those acts clearly fall within the ambit of conduct from which § 768.28(9)(a) insulates government entities. Plaintiff Blue, on the other hand, responds that for Dorvil's actions to be considered "malicious," "committed in bad faith," or a committed "in a manner exhibiting wanton and willful disregard of human rights, safety, and property," she must have specifically alleged that in her complaint. The County, in turn, asserts that Dorvil's actions can be determined "malicious" or "committed in bad faith" or "in a manner exhibiting wanton and willful disregard of human rights, safety, or property" regardless of whether Plaintiff characterizes them as such.

The County's position is persuasive. As in *Dukes*, the intentional tort Plaintiff Blue alleges in her complaint is one that "cannot be characterized as anything but [an act] committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." *Id*. Plaintiff Blue alleges that on April 16, 2009, Jean Dorvil, a Head Start teacher employed by Miami-Dade County's Community Action Agency (CAA), kicked five-year-old M.S. in the mouth and failed to seek medical attention for the injury that he caused to her. On the date of the incident, M.S. allegedly requested to use the restroom during nap time, a request that

Dorvil refused. M.S. used the restroom anyhow, and upon her return, Dorvil kicked M.S. in the mouth while she was on her nap cot because he was "furious that M.S. had used the restroom without his permission." Plaintiff Blue alleges that Dorvil's kick caused M.S.'s lip to bleed, and that despite knowing her lip was bleeding, Dorvil told M.S. to put her nap sheet over her head and failed to seek medical attention for M.S.'s injury.

Although there is obvious disparity in the factual scenarios and degree of force used in *Dukes* and in the instant action, the analysis is the same. The police officers in *Dukes* and Dorvil both allegedly used inappropriate and unnecessary force in their respective situations. Although the Court recognizes that police officers sometimes must use force, *Dukes* emphasizes the reality that even in situations where force may be necessary or appropriate, certain types of force will cross that line. Of course, in situations where force is neither necessary nor appropriate, as in a pre-kindergarten or kindergarten classroom setting, the type of force and reason for using that force alleged here would cross the line. Accordingly, Dorvil's kicking a five-year-old child in the mouth to punish her for using the restroom without his permission is an act so egregious that it cannot be characterized as anything other than an act "committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." *Id*.

Plaintiff Blue argues that the Florida Supreme Court requires that the question of whether Dorvil's actions were malicious, in bad faith, or wanton and willful be submitted to the jury. However, since the Eleventh Circuit determined that the Florida Supreme Court "explicitly disavowed the proposition that the question of bad faith must always be submitted to the fact finder," the Court can make the bad faith determination based on the facts alleged in Plaintiff Blue's complaint. *Prieto*, 361 F.3d at 1320. Thus, the Court finds that Plaintiff Blue alleges facts indicating that Dorvil acted with malicious purpose, bad faith, or a wanton and willful disregard toward Plaintiff Blue's daughter, M.S. As such, the Court finds that Plaintiff Blue does not state facts sufficient to sustain a claim of negligence based on a *respondeat superior* theory of liability against Miami-Dade County.

C.    **Counts VII & VIII: Negligent Supervision & Retention**[1]

---

[1] *See Mercado v. City of Orlando*, 407 F.3d 1152, 1162 (11th Cir. 2005) (equating negligent supervision and negligent retention causes of action).

Plaintiff Blue cannot sustain her negligent supervision or her negligent retention claims against the County because she has not alleged facts indicating the County had notice of Jean Dorvil's harmful propensities. Although Governmental entities are immune from tort liability and entitled to sovereign immunity under Florida Statute § 768.28 for discretionary policy-making or planning activities, "immunity from tort liability is waived for negligent activities that are operational and for which a common law duty of care exists." *Lee v. Dep't of Health and Rehabilitative Srvs.*, 698 So.2d 1194, 1198 (Fla. 1997). A discretionary function is one which "involve[s] an exercise of executive or legislative power such that, for the court to intervene by way of tort law, it inappropriately would entangle itself in fundamental questions of policy and planning." *See Cook v. Sheriff of Monroe Cnty.*, 402 F.3d 1092, 1117–18 (11th Cir. 2005) (quoting *Henderson v. Bowden*, 737 So. 2d 532, 538 (Fla. 1999). An operational function is one that merely reflects a secondary decision as to how those policies or plans will be implemented and is not necessary to or inherent in policy or planning decisions. *Id*. Claims for negligent supervision and retention are considered claims that implicate operational functions of the government, rather than discretionary functions. *Johnson v. Cannon*, 947 F. Supp. 1567, 1573–74 (M.D. Fla.1996).

"Negligent supervision occurs when during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicated his unfitness, and the employer fails to take further actions such as investigation, discharge, or reassignment." *Dept of Envtl. Protection v. Hardy*, 907 So.2d 655, 660–61 (Fla. 5th Dist. Ct. App. 2005) (internal citations omitted). An employer "cannot knowingly keep 'a dangerous servant on the premises which defendant knew or should have known was dangerous and incompetent.'" *Mercado v. City of Orlando*, 407 F.3d 1152, 1162 (11th Cir. 2005) (citing *Mallory v. O'Neil*, 69 So.2d 313, 315 (Fla.1954)). However, in alleging a cause of action for negligent supervision or retention, the burden is on the plaintiff to show that the employer had notice of the "harmful propensities" of its employee. *Willis v. Dade County Sch. Bd.*, 411 So.2d 245, 246 n.1 (Fla. 3d Dist. Ct. App. 1982). Once a plaintiff alleges "facts sufficient to show that once an employer received actual or constructive notice of problems with an employee's fitness," the plaintiff must then show that the employer "failed to investigate or take corrective action." *Hardy*, 907 So.2d at 660–61. A party has constructive knowledge of a fact "when that party has actual knowledge of facts and circumstances that would

lead a reasonable person to inquire and discover the fact in question, or infer its existence." *Dadeland Dodge Inc. v. American Vehicle Ins*. Co., 698 So.2d 929, 931 (Fla. 3d Dist. Ct. App. 1997) (citing 58 Am.Jur.2d Notice § 9 (1989)).  Additionally, the employer's failure to investigate or take corrective action "must be the proximate cause of the plaintiff's harm," and there must be "a connection and foreseeability between the employee's employment history and the current tort committed by the employee." *Hardy*, 907 So.2d at 660–61 (internal citations omitted).

      The County does not dispute that Plaintiff Blue's claims for negligent supervision and negligent retention implicate operational government functions, rather than discretionary ones. Instead, it argues that Plaintiff Blue fails to state a claim for negligent supervision or retention because she fails to allege that the County knew of Dorvil's harmful propensities.  The County contends that none of Plaintiff's allegations suggest that the County knew of Dorvil's propensity to use physical force or corporal punishment against children.  Rather, it argues, the only prior conduct Plaintiff Blue alleges the County had notice of was Dorvil's failure to keep his classroom tidy and renew certain certifications.  In response, Plaintiff Blue argues that the County had at least constructive knowledge of Dorvil's propensity to use physical force or corporal punishment against children, since Dorvil's assistant knew months before Dorvil kicked M.S. that Dorvil had kicked another child.  Plaintiff Blue contends that because the assistant was required to report such incidents—although she did not—that knowledge is imputed to the County.  However, to establish constructive notice on the part of the County, Plaintiff Blue must establish that the County had "actual knowledge of facts and circumstances that would lead a reasonable person to inquire and discover the fact in question." *Dadeland Dodge*, 698 So.2d at 931.  The only facts of which Plaintiff Blue alleges the County had actual notice, however, are that Dorvil did not keep his class clean and had failed to renew certain certifications.  Since those facts would not "lead a reasonable person to inquire and discover" that Dorvil had a propensity to use physical force or corporal punishment against children, they do not establish the County's constructive knowledge of that particular propensity.

      Because the Court finds that the County did not have notice of Dorvil's propensity to use physical force or corporal punishment against children, it need not go further in its negligent supervision and negligent retention inquiry.  Accordingly, the Court finds that Plaintiff Blue does not state facts sufficient to sustain a claim of negligent supervision or negligent retention against Miami-

Dade County.

## CONCLUSION

For the forgoing reasons, the portion of Defendant Miami-Dade County's Motion to Dismiss Plaintiff's Amended Complaint (D.E. # 21) that requests dismissal of the state law claims against it is GRANTED. Counts VI, VII, and VIII are dismissed WITHOUT PREJUDICE with leave to amend. The Court notes that its dismissal of Plaintiff Blue's state law claims without prejudice and with leave to amend is subject to the requirements of Rule 11 of the Federal Rules of Civil Procedure. If Plaintiff elects to file a Second Amended Complaint, she must do **on or by June 29, 2011**. No further amendment will be permitted absent extraordinary circumstances. Additionally, Plaintiff Blue's federal claims against the County are dismissed WITH PREJUDICE, and the County's Motion to Dismiss (D.E. # 34) is DENIED AS MOOT.

DONE in Chambers, Miami, Florida, June 15, 2011.

_____
Paul C. Huck
United States District Judge

Copies furnished to:
All counsel of record